IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LARRY COCHRAN,**

       Petitioner,

  v.                                                                Civil Action No. 3:08cv126
                                                                       (Judge Bailey)

**KUMA J. DEBOO, Warden,**

       Respondent.

## OPINION/REPORT AND RECOMMENDATION

On August 13, 2008, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. The petitioner is an inmate at the Gilmer Federal Correctional Institution located in Glenville, West Virginia, challenging the validity of a sentence imposed in the United States District Court for the Northern District of Indiana. See United States v. Cochran, No. 2:06cr114 (N.D.IN. appeal dismissed June 13, 2008). In the petition, the petitioner asserts, *inter alia*, that he is not responsible for the obligations, liabilities, or debts of "the debtor LARRY COCHRAN in Account/Case No. 2:06-cr-114." Therefore, the petitioner asserts that he is being imprisoned unlawfully "for a Judgment that was never entered against, and is inapplicable to, the Petitioner." Thus, the petitioner seeks his immediate release from incarceration. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a federal prisoner may only seek relief from his conviction under § 2241

1

when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

In this case, the petitioner clearly challenges the validity of his conviction and sentence, rather than the means of execution. Moreover, a review of the petitioner's criminal case on PACER shows that he HAS NOT applied for relief under 28 U.S.C. § 2255 in the sentencing court. Therefore, § 2255 is not an inadequate remedy and the petitioner is not entitled to pursue relief in this Court under § 2241 at this time. See In re Vial,115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001). Accordingly, the undersigned recommends that the petitioner's § 2241 petition be **DENIED and DISMISSED without prejudice**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address on the docket.

DATED: August15, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE