IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

LARRY COCHRAN,

    Petitioner,

v.                                            Civil Action No.    3:08CV126
                                            (BAILEY)

KUMA J. DEBOO, Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF AUGUST 15, 2008 AND DENYING PETITIONER'S MOTION FOR IMMEDIATE RELIEF

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate John S. Kaull (Doc. 5), the petitioner's corresponding objections (Doc. 9), the Notice of Petitioner's Status (Doc. 12), and the petitioner's Motion for Immediate Relief (Doc. 14). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. However, failure to file objections permits the district court to exercise review under the standards believed to be appropriate, and under these circumstances, the parties' right to *de novo* review is waived. **Thomas v. Arn,** 474 U.S. 140, 150 (1985). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error.

As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 5)** should be, and is, **ORDERED ADOPTED**.

On August 13, 2008, the *pro se* petitioner, an inmate at the Gilmer Federal Correction Institution located in Glenville, West Virginia, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. By standing Order, the case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation. In support, the petitioner contends that he is not liable for the debts, obligations, or liabilities of "the debtor LARRY COCHRAN in Account/Case No. 2:06-cr-114."

Upon consideration, the Magistrate Judge found petitioner's motion under 28 U.S.C. § 2241 to be improper as the petitioner seeks to challenge the validity of his sentence and conviction and has yet to seek relief under 28 U.S.C. § 2255. As such, the Magistrate Judge recommended that the petition be dismissed without prejudice. In response, the petitioner does not take issue with the Magistrate Judge's finding that petitioner has failed to seek relief under 28 U.S.C. § 2255. Instead, petitioner contends that he is not challenging the validity of the sentence imposed, which he asserts has been satisfied by him, but rather the sentence's continued unlawful execution.

As properly noted by the Magistrate Judge, a federal prisoner may only seek relief from his conviction under § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; **In re Vial**, 115 F.3d 1192, 1194 (4th Cir. 1997). Here, however, the petitioner does not contend that § 2255 presents an inadequate remedy or dispute that he has not previously filed a motion under § 2255 with the sentencing court. Rather, petitioner maintains that he is attacking the continued execution of his illegal

sentence. Nevertheless, to the extent that the petitioner seeks to challenge the obligations imposed by the sentencing court on the ground that he was not the individual sentenced, the petitioner is challenging the validity of his sentence and conviction regardless of his characterization.

In recognition of the above, the Court **ADOPTS** the **Report and Recommendation of the Magistrate Judge (Doc. 5)** and further **ORDERS** that the **Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)** is **DENIED** and **DISMISSED WITHOUT PREJUDICE**. Moreover, the **Motion for Immediate Relief (Doc. 14)**, which merely reasserts petitioner's request for habeas relief, is also **DENIED**. As a final matter, the Court **ORDERS** that this case be **CLOSED** and **RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated this 22nd day of September, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE